Paul Heymann and Marion R. Heymann v. Commissioner.
Heymann v. Commissioner
Docket No. 2671-69.
United States Tax Court
T.C. Memo 1970-239; 1970 Tax Ct. Memo LEXIS 122; 29 T.C.M. (CCH) 1053; T.C.M. (RIA) 70239; August 24, 1970, Filed. Samuel L. Black, for the petitioners. William T. Hayes, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined the following income tax deficiency and additions to tax against the petitioners: *10
Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a) [1]
1965
$2,628.95
$131.45
$131.45
The three issues presented for decision are: 1054
*123 (1) Whether petitioners have substantiated travel and entertainment expenses, as required by section 274(d) and the regulations promulgated thereunder, in excess of the amount of $6,868.84 allowed by respondent. (2) Whether petitioners have established that their failure to file a timely income tax return for the calendar year 1965 was due to reasonable cause and not willful neglect. (3) Whether petitioners have established that the underpayment of income tax for the calendar year 1965 was not due to negligence or intentional disregard of rules and regulations. Findings of Fact Some of the facts are stipulated and are found accordingly. Paul Heymann and Marion R. Heymann (herein called petitioners) were legal residents of Providence, Rhode Island, at the time they filed their petition in this proceeding. They filed a joint Federal income tax return for the calendar year 1965 with the district director of internal revenue Providence, Rhode Island, on May 3, 1966. They used the cash basis method of accounting to report their income for the year 1965. Paul Heymann (herein called petitioner) is a life insurance agent. In the course of his business of selling life insurance *124 in 1965 he entertained clients with dinner or golf at the Ledgemont Country Club, Seekonk, Massachusetts. During 1965 petitioners' total expenditures at the Ledgemont Country Club were $1,691.21. Respondent allowed 60 percent of such amount as a travel and entertainment expense deduction. Petitioner and his family incurred substantial personal expenses at the Ledgemont Country Club in 1965. The checks and bills from the Ledgemont Country Club contain no information showing the business purpose of the expenses or the business relationship to the petitioner of the persons entertained. On December 8, 1964, the petitioner was sent a letter by the Internal Revenue Service notifying him that his records of business and deductible personal expenses were inadequate. Receipt of the letter was acknowledged, and in a letter dated June 3, 1965, to the Internal Revenue Service the petitioner stated that he had put himself in compliance with the record-keeping requirements of the statute when in fact he had not. Petitioners' 1965 Federal income tax return was prepared by an accountant from information supplied by petitioner. Petitioner has filed Federal income tax returns for about 30 *125 years. Petitioner was negligent in failing to keep adequate records after he had been requested to do so, and in claiming travel and entertainment expense deductions without regard to the personal or business nature of the expenditures. Petitioner presented no proof of when he mailed the 1965 Federal income tax return. The return was received by the Internal Revenue Service on May 3, 1966. There is no evidence that a request for extension of time for filing the return was ever made or granted. Opinion Petitioner's only proof of his claimed travel and entertainment expenses consisted of bills from and checks to the Ledgemont Country Club, and very vague, general testimony to the effect that he had taken business trips in 1965. With regard to the Ledgemont expenditures, petitioner failed to establish the business purpose of the items or the identity and business relationship to him of the persons entertained. With regard to travel expenses, not even times or amounts were shown. The substantiation requirements of section 274(d) and section 1.274-5, Income Tax Regs., are explicit and cannot be waived by this Court. Petitioner's careless disregard of these requirements deprives *126 him of the claimed deductions. See William F. Sanford, 50 T.C. 823 (1968), affirmed per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969). S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), pp. 34-35, contains the following explanations: 5. Disallowance of expenditures not substantiated. - Under the bill, taxpayers will be required to substantiate their entertainment and related expenses, their traveling expenses and gift expenses. The bill provides that the taxpayer must substantiate by adequate records or by other sufficient evidence corroborating his own 1055 statement: the amount of such expense or other tiem; the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift; the business purpose of the expense; and the business relationship to the taxpayer of the person entertained, using the facility, or receiving the gift. This provision is intended to overrule, with respect to such expenses the socalled Cohan rule. In the case of Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2d 1930), it was held that where the evidence indicated *127 that a taxpayer had incurred deductible expenses but their exact amount could not be determined, the court must make "as close an approximation as it can" rather than disallow the deduction entirely. Under your committee's bill, the entertainment, etc., expenses in such a case would be disallowed entirely. The requirement that the taxpayer's statements be corroborated will insure that no deduction is allowed solely on the basis of his own unsupported, selfserving testimony. Petitioner has completely failed to substantiate his claimed expenditures "by adequate records or by other sufficient evidence corroborating his own statement." He did not maintain an account book, diary, statement of expenses or similar record. In fact, petitioner admitted that adequate records were not maintained. The evidence offered by petitioner consisted mainly of approximations and his unsupported testimony. Petitioner offered no proof that the Federal income tax return for the calendar year 1965 was timely filed. Since the return was received by the Internal Revenue Service on May 3, 1966, and no extension of time for filing the return was granted, petitioners have not shown that their failure to file *128 a timely return for the calendar year 1965 was due to reasonable cause and not willful neglect. Therefore, the section 6651(a) addition to tax is sustained. Petitioner deducted all of his 1965 bills from the Ledgemont Country Club as business expenses. In 1965 petitioner and his family made frequent personal use of the club without the accompaniment of clients. Petitioner is a businessman who has filed income tax returns for about 30 years. Under these circumstances his failure to keep required and requested records and his deduction of items which clearly included personal expenses justify imposition of the section 6653(a) negligence penalty. See Joseph Marcello, Jr., 43 T.C. 168 (1964), affd. 380 F. 2d 499 (C.A. 5, 1967). Decision will be entered for the respondent. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩